```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 2:20-00154-01

**JASON MICHAEL TERRELL**


### MEMORANDUM OPINION AND ORDER

Pending before the court are defendant's motions to reduce his sentence based upon a reduction in the applicable sentencing guideline. See ECF Nos. 425, 430. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

By Order entered on November 26, 2024, the court, in consultation with the United States Probation Office, designated this defendant for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments. In that Order, the court appointed the Federal Public Defender to represent defendant in this matter.  Both the government and counsel for defendant have filed memoranda regarding defendant's eligibility for a sentence reduction.

At his original sentencing, defendant's sentence was based on a Total Offense Level of 35 and a Criminal History Category of I, with the defendant having a total of zero criminal history points, for an advisory guideline range of 168 to 210 months. Defendant was sentenced to 168 months of imprisonment, a five-year term of supervised release, no fine, and a $100 special assessment.

2

United States Sentencing Guideline § 4C1.1 provides for a two-level reduction in the offense level for "Certain Zero-Point Offenders." To qualify for the reduction, a defendant must satisfy all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.1 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

At sentencing, defendant received a two-level enhancement for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1).  Receipt of this enhancement would suggest that a defendant cannot satisfy factor 7 for the guideline reduction.  However, the Sentencing Commission has indicated that receiving an adjustment for this specific offense characteristic is not disqualifying per se.  Instead, because factor 7 is defendant-based and not offense-based, the key inquiry is whether the defendant personally engaged in the behavior.

The United States filed its response agreeing with the Probation Office that defendant appeared eligible for a sentence reduction because "[w]hile the government believes the application was proper at sentencing, it cannot now establish that defendant personally possessed the firearm that would make him ineligible for relief pursuant to Amendment 821."  ECF No. 439 at 2.  The government further stated that it did not oppose a sentence reduction.  See id.  Defendant, by counsel, agreed with the government that Terrell is eligible for a reduction and urged the court to impose a sentence at the bottom of the newly calculated guideline range.  See ECF No. 440.

Following the retroactive amendment to the Guidelines, if defendant qualifies as a Zero-Point Offender, he would receive a

4

two-level reduction in offense level which yields a Total Offense Level of 33.  With a criminal history of I and a Total Offense Level of 33, the defendant's amended advisory guideline range would be 135 to 168 months.

Based on the foregoing, the court finds that defendant is eligible for relief pursuant to Amendment 821.  Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, i.e., 135 months. Notwithstanding a defendant's eligibility for relief, the court still retains the discretion to determine whether a sentence should be reduced and the extent of any reduction after considering the factors under 18 U.S.C. § 3553(a).

The court has carefully considered whether a reduction is appropriate under the facts of this case.  The court has received and considered the entire record in this case, including the original Presentence Investigation Report (PSI) and addendum thereto, original sentencing documents, and any materials submitted by the parties.  The court has considered the applicable factors under 18 U.S.C. § 3353(a), consistent with 18 U.S.C. § 3582(c)(2), and public safety.

5

Based on the foregoing considerations, the court **GRANTS** defendant's motions for a sentence reduction and **ORDERS** that defendant's Total Offense Level be reduced to 33 for a new advisory guideline range of 135 months to 168 months. It is further **ORDERED** that defendant's previous sentence be reduced to a period of 135 months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered May 24, 2021, shall remain in effect.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and the United States Probation Office.

**IT IS SO ORDERED** this 19th day of March, 2025.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge